IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ROLAND G. MCKIND,** | CASE NO. 3:23 CV 467 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **LUCAS COUNTY BOARD OF COMMISSIONERS, et al.,** | |
| | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

### INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff Roland G. McKind has filed a Complaint with jury demand in this case against the Lucas County Board of Commissioners and Common Pleas Judge Eric Allen Marks alleging civil rights violations under 42 U.S.C. § 1983. (Doc. 1). With his Complaint, Plaintiff filed a Motion for a Preliminary Injunction. (Doc. 2).

Plaintiff's Complaint pertains to a foreclosure brought against him in the Lucas County Court of Common Pleas. *See* Doc. 1; *see also US Bank Nat'l Ass'n, Substitute Plaintiff MTGLQ Investors, L.P. v. Roland G. McKind, et al*., No. G-4801-CI-0202001327-000 (Lucas Cnty. Ct. of Comm. Pleas). A judgment of foreclosure was entered against him by Judge Marks in the foreclosure case, and the subject property was scheduled for sale.

In his Complaint, Plaintiff alleges Judge Marks violated his rights in the case, including by allowing a substitute party plaintiff, denying his fraud counterclaim, relying on affidavits on behalf of the substitute plaintiff, and granting summary judgment against him. *See* Doc. 1 at ¶¶ 25, 43, 48-50. His Complaint does not set forth discernible specific allegations of wrongdoing by

1

the Lucas County Board of Commissioners. He seeks damages and a judgment "void[ing] the foreclosure." *Id*. at 8 ("Claim for Relief").

On April 18, 2023, Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that it fails to allege a plausible claim or any facts against the Lucas County Board of Commissioners, and that Judge Marks is entitled to absolute judicial immunity. (Doc. 5).

After Defendants filed their Motion to Dismiss, Plaintiff filed Motions for Default Judgment against Judge Marks. (Docs. 6, 7).

For the reasons that follow, the Court will dismiss the case.

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a dismissal for failure to state a claim, a complaint must present enough facts "to state a claim to relief that it is plausible on its face" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). Although *pro se* pleadings generally are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the lenient treatment accorded *pro se* litigants "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even *pro se* complaints must satisfy the Rule 12(b)(6) standard to avoid dismissal. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Further, even without a motion to dismiss, "[i]t is well-established that the federal courts are under an independent obligation to examine their own jurisdiction" in cases before them.

2

*Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006). Federal district courts "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action.").

### DISCUSSION

The Court agrees with Defendants that Plaintiff's Complaint fails to state any plausible damages claim against them under § 1983.

Plaintiff's Complaint alleges no discernible factual allegations of wrongdoing as against the Lucas County Board of Commissioners, and the Sixth Circuit "has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Merely listing a defendant in the caption of a complaint but raising no specific factual allegations as to it in the body of the complaint, as Plaintiff's Complaint does here with respect to the Lucas County Board of Commissioners, is insufficient to state a plausible claim even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 155-57 (1978)); *see also Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 490-91 (6th Cir. 2005) (holding that plaintiffs' claims against attorney

defendants pertaining a mortgage foreclosure action were properly dismissed for failure to conform to federal pleading requirements).

Further, Defendants are correct that Judge Marks is entitled to absolute judicial immunity from Plaintiff's damages claims. It is well-settled that judges enjoy absolute immunity from civil suits seeking monetary damages on claims arising out of the performance of judicial or quasi-judicial functions. *Mireles v. Waco*, 502 U.S. 9 (1991). This far-reaching protection is justified "by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute immunity may be overcome in only two situations: where a judge engages in non-judicial actions (*i.e.*, actions not taken in the judge's judicial capacity) or, acts taken in the complete absence of all jurisdiction. *Id.* at 1116.

All of the actions of which Plaintiff complains pertain to actions taken by the Judge in his judicial capacity in the state foreclosure case. Plaintiff does not allege facts plausibly suggesting that Judge Marks took any action falling outside of the scope of his absolute judicial immunity.

In addition to the reasons stated by Defendants, the Court finds upon its own review that Plaintiff's Complaint is subject to *sua sponte* dismissal for other reasons as well.

To the extent Plaintiff seeks to "void" the state court's judgment in the foreclosure action, his action is barred by the *Rooker-Feldman* doctrine which provides that "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *See Givens v. Homecomings Fin.*, 278 F. App'x 607, 608 (6th Cir. 2008). Under the doctrine, "a litigant who loses in state court may not seek 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Kafele*, 161 F. App'x at 489 (citing *Exxon*

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). *Rooker-Feldman* bars claims, like Plaintiff's claims here, which "rest[] on the premise that [a] state court entry of foreclosure was invalid". *Kafele*, 161 F. App'x at 490.

Finally, the Court is barred from reviewing any claims related to the state foreclosure action that were or could have been raised in the state courts. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998) (explaining that, under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action") (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *In re Alfes v. Educ. Credit Mgmt. Corp.*, 709 F.3d 631, 638 (6th Cir. 2013). Under the doctrine of *res judicata*, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). A second suit is barred when there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the first. *Id.*

Plaintiff's claims rest on the premise that the substitute plaintiff was not entitled to foreclose on his property. But that issue was necessarily decided by the state court in entering its judgment against plaintiff in the foreclosure case. *See, e.g.*, *Givens*, 278 F. App'x at 609 (action brought against mortgagee after state court order granted mortgagee possession of residence due to mortgagor's default on mortgage was barred by *res judicata*, since it was based on the issue of whether mortgagee was entitled to possession of the property and that issue had been litigated in

5

the Michigan state courts); *Clark v. Lender Processing Serv., Inc.*, 949 F. Supp. 2d 763, 773-74 (N.D. Ohio 2013) (holding that *res judicata* barred mortgagor's claims where there was a prior, final decision on the merits in an underlying state foreclosure action). Accordingly, Plaintiff's claims are barred by *res judicata* to the extent they were or could have been raised in the state foreclosure case.

## Conclusion

For all the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion to Dismiss (Doc. 5) is GRANTED and Plaintiff's Complaint is DISMISSED; and it is

FURTHER ORDERED that Plaintiff's Motions for a Preliminary Injunction (Doc. 2) and Default Judgment (Docs. 6, 7) are DENIED; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE